RECEIPT # _5/3/9_
AMOUNT $_150_
SUMMONS ISSUED_X_
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_10-29-03_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARDEN CITY BOXING CLUB INC. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RHINO CORPORATION and | ) |
| | ) |
| Thomas J. Ryan, INDIVIDUALLY | ) |

Civil Action No. _____

# 03   12097 RCL

MAGISTRATE JUDGE _Cohen_

* * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiff, GARDEN CITY BOXING CLUB INC., by and through its undersigned attorney, Gary D. Berkowitz, Esq., sues the Defendants RHINO CORPORATION and Thomas J. Ryan individually, and says:

## Jurisdiction

1.     This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

2.    Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3.    Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

4.    The Plaintiff, **GARDEN CITY BOXING CLUB INC.** is a corporation organized and existing under the laws of the State of **California**, with its principal office and place of business located in **Santa Clara**.

5.    The Defendant, RHINO CORPORATION. is a Massachusetts corporation authorized to and transacting business as Lonnie's Place  from its principal place of business located at 109 Lafayette Street, Salem.

6.    Defendant, Thomas J. Ryan, is,  upon information and belief, owner of RHINO CORPORATION

### Preliminary Background

7.    **Garden City Boxing Club** entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the September 14, 2002 Championship boxing match between Oscar de la Hoya  and Fernando Vargas, from the Mandalay Bay Hotel in Las Vegas, Nevada, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Massachusetts (the "License Agreement"). **Garden City Boxing Club** paid substantial fees for its license.

8.    **Garden City Boxing Club** entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to

2

various business establishments throughout MASSACHUSETTS..

9.     The closed-circuit broadcast of the Event was not intended for the use of the general public. In MASSACHUSETTS, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by **Garden City Boxing Club**.

10.     Pursuant to the License Agreement, **Garden City Boxing Club** marketed and distributed the closed-circuit rights granted to it. **Garden City Boxing Club**, through its agents, contracted with various establishments throughout MASSACHUSETTS and granted to such establishments the right to broadcast the Event in exchange for a fee.

11.     The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12.     The transmission of the Event was available to the Defendants to purchase for broadcast in Lonnie's Place. Had they done so, they would have been authorized to receive, transmit and publish the Event in Lonnie's Place. Defendants did not, however, contract with **Garden City Boxing Club** or any of its agents, to obtain the rights to broadcast the Event.

13.     The establishments which contracted with **Garden City Boxing Club** to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14.     On September 14, 2002, in violation of **Garden City Boxing Club**'s rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of

3

the interstate communication of the Event.  The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within Lonnie's Place.

15.    The Defendants misappropriated **Garden City Boxing Club**'s licensed exhibition of the Event and infringed upon **Garden City Boxing Club**'s exclusive rights while avoiding proper payment to **Garden City Boxing Club**.  Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

16.    The Defendants enabled the patrons within Lonnie's Place to view the Event to which neither the Defendants nor the patrons were entitled to do.

17.    The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by **Garden City Boxing Club**.

18.    The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

## VIOLATION OF 47 U.S.C. §553

19.    **Garden City Boxing Club** hereby incorporates the allegations set forth in Paragraphs 1 through 18  above as if the same were fully set forth and realleged herein.

20.    The Communications Act of 1934, as amended, 47 U.S.C.  § 553 ("Section 553") provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

4

47 U.S.C. § 553(a)(1).

21.    The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 553.

22.    Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover damages as described further in § 553(c).

23.    **Garden City Boxing Club** is a person aggrieved by Defendants' violations of Section 553, and it is therefore authorized to institute this action against the Defendants to recover damages from the Defendants for their violations of Section 553 and their interference with **Garden City Boxing Club**'s proprietary rights.

24.    As a result of the Defendants' wrongful acts, **Garden City Boxing Club** is entitled to the statutory damages provided for in Section 553.

25.    Because of Defendants' wrongful actions, **Garden City Boxing Club** is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to § 553(c)(2)(C).

WHEREFORE, the Plaintiff, **Garden City Boxing Club**, requests that this Court enter judgment, jointly and severally, against Defendants RHINO CORPORATION and **Thomas J. Ryan**, for:

(a)    Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

5

(b)    Statutory damages for willfulness in the amount of Fifty Thousand

Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

(c)    Full costs and expenses of this action, including reasonable attorney's

fees, pursuant to § 553(c)(2)(C); and

(d)    Such other and further relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF 47 U.S.C. § 605

26.    The Plaintiff hereby incorporates the allegations contained in Paragraphs

1 through 25 of the Complaint.

27.    The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section

605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

28.    The Defendants' wrongful actions in connection with the Event, as described

above, were in violation of Section 605.

29.    Section 605(d)(6) provides that "any person with proprietary rights in the

intercepted communication . . ." may bring a private cause of action against one who acts

in violation of Section 605.

30.     By virtue of the License Agreement, **Garden City Boxing Club** maintained proprietary rights in the intercepted communication of the Event. Therefore, **Garden City Boxing Club** is an aggrieved person and is entitled to recover damages from the Defendants for their violations of Section 605 and their interference with **Garden City Boxing Club**'s proprietary rights.

31.     As a result of the Defendants' wrongful acts, **Garden City Boxing Club** is entitled to the statutory damages provided for in Section 605.

32.     Because of Defendants' wrongful actions, **Garden City Boxing Club** is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, **Garden City Boxing Club**, requests that this Court enter judgment, jointly and severally, against the Defendants RHINO CORPORATION and **Thomas J. Ryan**, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d)  Such other and further relief as the Court deems just and proper.

Dated: October 23, 2003

BY: _____

Gary D. Berkowitz, Esq. # 632536
One James Street
Providence, RI 02903
Phone:   (401) 751-7671
Fax:      (401) 751-1146